UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERNON GREEN, | Civil Action No. 16-2128 (MAS) (LHG) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| JUSTIN L. HENSON, et al., | |
| Defendants. | |

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, it appearing:

1. Plaintiff appears to be a pretrial detainee charged with criminal theft by the state of New Jersey. (Compl. 4, ECF No. 1.) To the extent Plaintiff seeks immediate release from custody and/or dismissal of the criminal indictment against him, (*see id.* at 6-7), Plaintiff's sole remedy is a federal habeas petition, and those claims are not actionable in a civil rights case. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Accordingly, any such claims are dismissed from the Complaint.

2. Additionally, Defendant Hamilton Township Police Department is dismissed from the case. In order to state a cognizable § 1983 claim, "a plaintiff must allege a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of

1

the United States." *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013) (citation omitted and emphasis added). A city police department is not a "person" amendable to suit under § 1983. *Mikhaeil v. Santos*, No. 15-2932, 2016 WL 1445083, at *3 (3d Cir. Apr. 13, 2016) (non-precedential) ("The District Court also correctly determined that the Jersey City Police Department was not a proper party to this action."); *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) ("We further agree with the District Court that the police department was not a proper party to this action.").

3. However, the balance of the Complaint is permitted to proceed past screening.

IT IS therefore on this 16th day of May, 2016,

ORDERED that Defendant Hamilton Township Police Department is hereby DISMISSED from the case; it is further

ORDERED that any claims seeking immediate release from custody or the dismissal of Plaintiff's criminal indictment are hereby DISMISSED from the Complaint; it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon the remaining Defendant, with all costs of service advanced by the United States[1]; it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendant shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A); it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

---

[1] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendant waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service.[2]

                                                           */s/ Michael A. Shipp*
                                         Michael A. Shipp, U.S.D.J.

---

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.