<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| VERNON GREEN, | : | |
| | : | Civil Action No. 16-2128-BRM-LHG |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JUSTIN L. HENSON, et al., | : | |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Justin L. Henson's ("Henson") Motion to Dismiss all claims against him (Dkt. No. 14) for alleged violation of Plaintiff Vernon Green's ("Plaintiff") constitutional rights, pursuant to 42 U.S.C. § 1983. Plaintiff opposes the Motion. (Dkt. No. 15.) For the reasons set forth herein, the Motion to Dismiss is **GRANTED**.

**I.   BACKGROUND**

This matter stems from an incident in which Plaintiff was arrested as a suspect to criminal theft. At the time the Complaint was filed, he was incarcerated as a pretrial detainee on that charge. (Compl. (Dkt. No. 1) at 4.) Plaintiff alleges that he was arrested for stealing approximately $25 worth of items, but when he was arrested, he had $401 on his person. (*Id.* at 6.) Plaintiff argues this is evidence of his innocence, because no one with $401 on his person would attempt to steal $25 worth of items. (*Id.*) Plaintiff further alleges that Henson had omitted finding the $401 from the arrest report. (*Id.*) The Complaint appears to allege that the money was never returned it to him. (*Id.*) Plaintiff requests monetary damages as well as dismissal of the criminal charge. (*Id.* at 7.)

1

This case was previously assigned to the Honorable Michael A. Shipp, U.S.D.J. Because Plaintiff is proceeding *in forma pauperis*, Judge Shipp conducted a *sua sponte* screening under 28 U.S.C. § 1915, and dismissed Plaintiff's claims requesting dismissal of the criminal charge, finding that Plaintiff cannot seek such relieve in a § 1983 action. (Dkt. No. 4 at 1.) Judge Shipp also dismissed Defendant Hamilton Township Police Department from the suit, because a police department is not a "person" within the definition of § 1983 amendable to suit, leaving Henson the only defendant remaining. (*Id.* at 1-2.) Judge Shipp allowed the balance of the Complaint to proceed. (*Id.* at 2.) Thereafter, the case was reassigned to the undersigned. (Dkt. No. 16.)

The Court has reviewed this Motion, the response, and the reply. The Court construes the Complaint as raising three claims: (1) false arrest, (2) illegal search and seizure, and (3) omission of exculpatory evidence. The Complaint also appears to raise a deprivation of property claim for the confiscation of the money. However, in his response, Plaintiff admits that the money was returned to him, and that he does not raise a property claim. (Dkt. No. 15 at 2.) As such, this case does not involve a property claim.[1]

---

[1] To the extent that the Complaint can be construed as asserting a procedural due process violation for Henson's seizure of the money, (*see* Dkt. No. 15 at 2 (stating that the Complaint raises a claim regarding "the CIRCUMSTANCES in which the Plaintiff had to take in order to RECEIVE his four hundred and one ($401.00) dollars")), because Plaintiff did recover his money, the Court construes such a claim as alleging that there should have been a pre-deprivation process before the money was seized from Plaintiff. However, there is no constitutional requirement that Plaintiff be afforded a pre-deprivation process. *See Coulson v. Superintendent Houtzdale SCI*, 651 F. App'x 139, 143 (3d Cir. 2016) ("Because Coulston had an adequate post-deprivation state remedy, the deprivation of his property does not violate due process.") (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). "[W]here a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur," and "[i]t is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place." *Hudson*, 468 U.S. at 532 (quoting *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)). Under the facts of this case, as long as Plaintiff was afforded some post-deprivation process to recover his property, that is all the Constitution requires.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). On a motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

## III.   DECISION

Henson argues that Plaintiff has failed to state a claim upon which relief may be granted on all three claims, and the Court agrees. To begin, because the omission of exculpatory evidence implicates a defendant's right to fair trial, such omission is not a cognizable claim under § 1983 unless the plaintiff has been *tried* for a crime, and that trial implicates the omission—without a trial, the concept of "exculpatory evidence" would make no logical sense, and Plaintiff would suffer no injury. *See Anderson v. Venango Cty., Pa.*, 458 F. App'x 161, 164 (3d Cir. 2012) (finding

to prevail on a § 1983 claim predicated on the omission of evidence, "the plaintiff must show that the government's alleged pretrial misconduct resulted in an unfair trial," so there can be no claim if the plaintiff was never tried); *cf. Renda v. King*, 347 F.3d 550, 557 (3d Cir. 2003) ("[A] plaintiff may not base a § 1983 claim on the mere fact that the police questioned the plaintiff in custody without providing *Miranda* warnings where there is no claim that the statements obtained in violation of *Miranda* were used against the plaintiff[.]"). The Complaint alleges Plaintiff is a pretrial detainee, thus he has not been tried for any crime as a result of the alleged omission. Therefore, Plaintiff fails to state a claim upon which relief may be granted on his omission of evidence claim. Accordingly, the Motion is granted as to Plaintiff's omission of exculpatory evidence claim.

As to Plaintiff's false arrest and illegal search claims, because a search without a warrant is permissible if incidental to a lawful arrest, both claims hinge on whether Plaintiff can establish that the arrest was made without probable cause. *See Henry v. United States*, 361 U.S. 98, 102 (1959) ("[W]hile a search without a warrant is, without limits, permissible if incident to a lawful arrest, if an arrest without a warrant is to support an incidental search, it must be made with probable cause."); *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016) (false arrest claims require demonstrating lack of probable cause to arrest).

Here, Plaintiff's theory of the claims appears to be because Henson found $401 on his person, which Plaintiff argues definitively proved his innocence, it rendered his arrest and search illegal. However, the flaw in Plaintiff's argument is in order to find the money, Henson would necessarily have had to arrest and search Plaintiff. "Probable cause exists where the facts and circumstances *within the arresting officer's knowledge* are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be

arrested." *Trunzo v. Mayer*, No. 15-3602, 2016 WL 6211886, at *3 (3d Cir. Oct. 25, 2016) (emphasis added). Henson could not have possibly known that Plaintiff had $401 on his person prior to the arrest and search. The fact that the arrest and search led to the discovery of allegedly exculpatory evidence does not render the arrest and search illegal. Because the Complaint is devoid of any factual allegation regarding Henson's knowledge prior to the arrest and search, it fails to establish that the arrest lacked probable cause, and Plaintiff has failed to state a claim upon which relief may be granted on the false arrest and illegal search claims. Therefore, the Motion to Dismiss is also granted as to Plaintiff's false arrest and illegal search and seizure claims.

## IV. CONCLUSION

The Motion to Dismiss is **GRANTED**. Since all claims have been dismissed, the Court dismisses the Complaint. In the interest of justice, Plaintiff shall have thirty days to amend the Complaint and cure the defects identified herein.

**Date: November 14, 2016**            **/s/ Brian R. Martinotti**
                                       **HON. BRIAN R. MARTINOTTI**
                                       **United States District Judge**